■ GREGORY BEKKER, Appellant, v SAMUEL FLEISCHMAN, Respondent. [825 NYS2d 270]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (M. Garson, J.), dated April 8, 2005, which granted the defendant's motion to vacate a prior order of the same court dated November 12, 2004, granting, without opposition, his motion for leave to enter judgment against the defendant upon the defendant's failure to appear and answer the complaint and setting the matter down for an inquest on the issue of damages, and to compel him to accept an untimely answer.

Ordered that the order dated April 8, 2005, is reversed, on the facts and in the exercise of discretion, with costs, the defendant's motion to vacate the order dated November 12, 2004, and to compel him to accept an untimely answer is denied, and the order dated November 12, 2004, is reinstated.

A defendant seeking to vacate an order entered upon his or her default must demonstrate both a reasonable excuse for the delay in appearing and answering the complaint and a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Gray v B. R. Trucking Co.*, 59 NY2d 649, 650 [1983]). The defendant failed to submit any excuse for his failure to respond to the plaintiff's motion for leave to enter a default judgment, and failed to give a reasonable excuse for the lengthy delay in moving to vacate the order granting the plaintiff's motion. Under the circumstances, the defendant's pattern of willful neglect and default should not have been excused (*see Edwards v Feliz*,

28 AD3d 512, 513 [2006]; *Gainey v Anorzej*, 25 AD3d 650, 651 [2006]; *Trotman v Aya Cab Corp.*, 300 AD2d 573 [2002]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 568 [1997]). In addition, the defendant's unverified answer was insufficient to demonstrate a potentially meritorious defense (*see Pampalone v Giant Bldg. Maintenance, Inc.*, 17 AD3d 556, 557 [2005]; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 356 [2005]). Accordingly, the Supreme Court improvidently exercised its discretion in granting the defendant's motion to vacate. Schmidt, J.P., Rivera, Skelos and Lunn, JJ., concur.