**Jesse Baldwin**, Appellant, v **Cristino Mateogarcia** et al., Respondents, et al., Defendant. [869 NYS2d 217]—

To successfully oppose a motion for leave to enter a default judgment based upon a failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for the delay and the existence of a meritorious defense (*see* CPLR 5015 [a] [1]; *Miller v Ateres Shlomo, LLC,* 49 AD3d 612 [2008]; *Giovanelli v Rivera,* 23 AD3d 616 [2005]; *Mjahdi v Maguire,* 21 AD3d 1067 [2005]; *Thompson v Steuben Realty Corp.,* 18 AD3d 864, 865 [2005]; *Dinstber v Fludd,* 2 AD3d 670, 671 [2003]). Here, the defaulting defendants failed to demonstrate that they had a meritorious defense to the action. The defendants submit-

ted a proposed answer, which was verified only by their attorney, who had no personal knowledge of the facts (*see Salch v Paratore,* 60 NY2d 851 [1983]; *Bekker v Fleischman,* 35 AD3d 334 [2006]; *Juseinoski v Board of Educ. of City of N.Y.,* 15 AD3d 353 [2005]), and an affidavit of a principal of the defendant Superior Laundry, LLC, who likewise had no personal knowledge of the facts. These submissions were insufficient to demonstrate a potentially meritorious defense. The police accident report referable to the incident upon which this action is premised was also insufficient to establish a meritorious defense, since it failed to indicate the source of the reporting officer's information concerning the accident (*see Noakes v Rosa,* 54 AD3d 317 [2008]; *Almestica v Colon,* 304 AD2d 508 [2003]; *Coughlin v Bartnick,* 293 AD2d 509 [2002]; *Figueroa v Luna,* 281 AD2d 204 [2001]). Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur.