■ MERCURY CASUALTY COMPANY, Appellant, v SURGICAL CENTER AT MILBURN, LLC, Respondent. [885 NYS2d 218]—In an action for a judgment declaring that the policy of insurance issued by the plaintiff to the defendant's assignor does not cover a claim for surgical services performed on October 9, 2006, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered November 13, 2008, which, inter alia, denied its motion pursuant to CPLR 3215 for leave to enter judgment upon the defendant's default in appearing or answering the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the policy of insurance issued by the plaintiff to the defendant's assignor does not cover a claim for surgical services performed on October 9, 2006.

The plaintiff demonstrated its entitlement to a default judgment against the defendant by submitting proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defendant's default in answering or appearing (see CPLR 3215 [f]; Matone v Sycamore Realty Corp., 50 AD3d 978 [2008]; Allstate Ins. Co. v Austin, 48 AD3d 720 [2008]).

To avoid the entry of a default judgment, the defendant was required to demonstrate a reasonable excuse for its default and a meritorious defense to the action (see CPLR 5015 [a] [1]; Baldwin v Mateogarcia, 57 AD3d 594 [2008]; Grinage v City of New York, 45 AD3d 729, 730 [2007]). However, the defendant failed to offer any excuse for its default or to present any evidence that it had a meritorious defense. Accordingly, the plaintiff's motion for leave to enter a default judgment should have been granted.

Since this is an action for a declaratory judgment, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the policy of insurance issued by the plaintiff to the defendant's assignor does not cover a claim for surgical services performed on October 9, 2006 (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Spolzino, J.P., Santucci, Angiolillo, Leventhal and Lott, JJ., concur.