■ GERALD P. GROSS et al., Appellants, v MELANIE KAIL et al., Respondents. [893 NYS2d 891]—

In an action, inter alia, to declare that the plaintiffs are the owners by adverse possession of certain real property and to recover damages for trespass and conversion, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Feinman, J.), dated May 7, 2008, which denied their motion for leave to enter judgment against the defendants upon the defendants' default in appearing or answering and, in effect, granted the defendants' application, inter alia, to deem the proposed answer to have been served.

Ordered that on the Court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal from so much of the order as granted the defendants' application, inter alia, to deem the proposed answer to have been served, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is granted, and the defendants' application is denied.

The Supreme Court erred in denying the plaintiffs' motion for leave to enter judgment against the defendants upon their default in appearing or answering and, in effect, granting the defendants' application, inter alia, to deem the proposed answer to have been served. In support of their motion, the plaintiffs submitted their process server's affidavits of service of the summonses and the complaints, a factually-detailed complaint verified by the plaintiff Gerald P. Gross, and an affirmation from attorney Mitchell J. Rich regarding the defendants' default in appearing and answering (*see* CPLR 3215 [f]).

In opposition to the plaintiffs' motion and in support of their application, inter alia, to deem the proposed answer to have been served, the defendants were required to demonstrate a reasonable excuse for the default and the existence of a meritorious defense (*see* CPLR 5015 [a] [1]; *Miller v Ateres Shlomo, LLC*, 49 AD3d 612, 613 [2008]; *Lipp v Port Auth. of N.Y. & N.J.*, 34 AD3d 649 [2006]; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 356 [2005]; *Curran v Graf*, 13 AD3d 409 [2004]; *Ennis v Lema*, 305 AD2d 632, 633 [2003]). The defendants failed to provide any excuse for their default and failed to demonstrate that they had a meritorious defense to the action. The defendants submitted a proposed answer verified only by their attorney, who had no personal knowledge of the facts (*see Baldwin v Mateogarcia*, 57 AD3d 594, 595 [2008]; *Bekker v Fleischman*, 35 AD3d 334, 335 [2006]; *Pampalone v Giant Bldg. Maintenance, Inc.*, 17 AD3d 556, 557 [2005]; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d at 356). Accordingly, the plaintiffs' motion should have been granted and the defendants' application should have been denied. Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.