■ STEPHANIE OGMAN et al., Appellants, v MASTRANTONIO CATERING, INC., Respondent. [918 NYS2d 375]—

In support of their motion for leave to enter a judgment on the issue of liability against the defendant upon its failure to appear or answer, the plaintiffs submitted their process server's affidavit of service, an affidavit of merit, and their attorney's affirmation regarding the defendant's default (*see* CPLR 3215 [f]).

To successfully oppose the plaintiffs' motion and in support of its cross motion to compel the plaintiffs to accept the late answer, the defendant was required to demonstrate a justifiable excuse for its default and the existence of a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *May v Hartsdale Manor Owners Corp.*, 73 AD3d 713 [2010]; *Gross v Kail*, 70 AD3d 997, 998 [2010]; *Leifer v Pilgreen Corp.*, 62 AD3d 759, 760 [2009]; *Kouzios v Dery*, 57 AD3d 949 [2008]). The affirmation of the defendant's president, which was submitted in an effort to demonstrate a reasonable excuse for the default and a potentially meritorious defense, was not in an authorized form (*see* CPLR 2309; *Slavenburg Corp. v Opus Apparel*, 53 NY2d 799, 801 n [1981]; *Martinez v D'Alessandro Custom Bldrs. & Demolition, Inc.*, 52 AD3d 786, 787 [2008]; *Pampalone v Giant Bldg. Maintenance, Inc.*, 17 AD3d 556, 557 [2005]; *United Talmudical Academy of Kiryas Joel v Khal Bais Halevi Religious Corp.*, 232 AD2d 547, 548 [1996]). Furthermore, the affirmation of the defendant's attorney failed to demonstrate a reasonable excuse for the default in answering and for the lengthy delay in cross-moving to compel the plaintiffs to accept the late answer (*see Holloman v City of New York*, 52 AD3d 568, 569 [2008]; *Miller v Ateres Shlomo, LLC*, 49 AD3d 612, 613 [2008]; *Robinson v 1068 Flatbush Realty, Inc.*, 10 AD3d 716 [2004]). Moreover, the defendant's proposed answer was verified only by its attorney, who had no personal knowledge of the facts (*see Gross v Kail*, 70 AD3d at 998; *Baldwin v Mateogarcia*, 57 AD3d 594, 595 [2008]; *Bekker v Fleischman*, 35 AD3d 334, 335 [2006]). Accordingly, the plaintiffs' motion should have been granted and the defendant's cross motion should have been denied. Rivera, J.P., Florio, Dickerson, Hall and Roman, JJ., concur.