■ SWEDBANK, AB, NEW YORK BRANCH, Appellant, v HALE AVENUE BORROWER, LLC, et al., Respondents, et al., Defendants.
[932 NYS2d 540]—

The plaintiff commenced this action to foreclose two mortgages on certain property owned by the defendant Hale Avenue Borrower, LLC (hereinafter Hale Avenue Borrower), and to recover on guaranties executed by the defendants Alexander Gurevich and Gennady Kiselman (hereinafter collectively the respondents).

The Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on its causes of action to foreclose on the mortgages. The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the relevant mortgages, the underlying notes, and evidence of default (*see Rossrock Fund II, L.P. v Osborne*, 82 AD3d 737 [2011]; *Wells Fargo Bank, N.A. v Cohen*, 80 AD3d 753, 755 [2011]; *Petra CRE CDO 2007-1, Ltd. v 160 Jamaica Owners, LLC*, 73 AD3d 883, 884 [2010]; *Household Fin. Realty Corp. of N.Y. v Winn*, 19 AD3d 545, 546 [2005]). In

opposition, Hale Avenue Borrower failed to raise a triable issue of fact regarding its defenses (see *Amalgamated Tr. Union Local 1181, AFL-CIO v City of New York*, 45 AD3d 788, 790 [2007]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576 [2006]; *Palm Beach Mtge. Mgt., LLC v Red Tulip, LLC*, 18 AD3d 379, 380 [2005]; *compare Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 178 [1982], *Pellicane v Norstar Bank*, 213 AD2d 610, 611 [1995], *with Rossrock Fund II, L.P. v Osborne*, 82 AD3d at 737). Moreover, contrary to the respondents' contention, that branch of the motion was not properly denied as premature on the ground that discovery had not yet been completed. The respondents failed to demonstrate that they made reasonable attempts to discover the facts which would give rise to a triable issue of fact or that further discovery might lead to relevant evidence (see CPLR 3212 [f]; *Cortes v Whelan*, 83 AD3d 763, 764 [2011]; *Sasson v Setina Mfg. Co., Inc.*, 26 AD3d 487, 488 [2006]).

Further, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to enter a default judgment against Gurevich and Kiselman and denied that branch of the respondents' cross motion which was to compel the plaintiff to accept their amended answer. To successfully oppose the plaintiff's motion and in support of the cross motion, Gurevich and Kiselman were required to demonstrate a reasonable excuse for their default in appearing or answering the complaint and the existence of a potentially meritorious defense (see *Ogman v Mastrantonio Catering, Inc.*, 82 AD3d 852, 853 [2011]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 890, 891 [2010]; *May v Hartsdale Manor Owners Corp.*, 73 AD3d 713 [2010]). Given the failure of Gurevich and Kiselman to proffer either a reasonable excuse for their default or a potentially meritorious defense to the complaint insofar as asserted against them, the Supreme Court improvidently exercised its discretion in excusing the default (see *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d at 891; *Pampalone v Giant Bldg. Maintenance, Inc.*, 17 AD3d 556, 557 [2005]; *Boulton v Fuchsberg*, 177 AD2d 534, 536 [1991]).

In light of our determination that the plaintiff was entitled to summary judgment on its causes of action to foreclose on the mortgages and that it is entitled to leave to enter a default judgment against Gurevich and Kiselman, the plaintiff's motion for a protective order to preclude discovery and to quash certain discovery demands should have been denied as academic. Skelos, J.P., Hall, Lott and Roman, JJ., concur.