■ CHRISTOPHER KOLONKOWSKI, Appellant, v DAILY NEWS, L.P., Respondent. [941 NYS2d 663]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered May 31, 2011, which denied his motion pursuant to CPLR 3215 (e) for leave to enter judgment on the issue of liability against the defendant upon the defendant's failure to appear or answer the complaint, and granted the defendant's cross motion pursuant to CPLR 3012 (d) to compel him to accept its late answer.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion pursuant to CPLR 3215 (e) for leave to enter judgment on the issue of liability against the defendant upon the defendant's failure to appear or answer the complaint is granted, and the defendant's cross motion pursuant to CPLR 3012 (d) to compel the plaintiff to accept its late answer is denied.

The plaintiff demonstrated his entitlement to enter judgment against the defendant upon the defendant's failure to appear or answer the complaint by submitting proof of service of a copy of the summons and complaint upon the defendant, proof of a viable cause of action, and proof that the defendant did not serve a timely answer or motion upon him (*see* CPLR 3215 [f]; *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70 [2003]; *Triangle Props. # 2, LLC v Narang*, 73 AD3d 1030, 1032 [2010]; *Mercury Cas. Co. v Surgical Ctr. at Milburn, LLC*, 65 AD3d 1102 [2009]; *Matone v Sycamore Realty Corp.*, 50 AD3d 978 [2008]).

To avoid the entry of a default judgment, the defendant was required to demonstrate a reasonable excuse for its default and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Swedbank, AB, N.Y. Branch v Hale Ave. Borrower, LLC*, 89 AD3d 922 [2011]; *Ogman v Mastrantonio Catering, Inc.*, 82 AD3d 852, 853 [2011]; *Mercury Cas. Co. v Surgical Ctr. at Milburn, LLC*, 65 AD3d 1102 [2009]). The process server's affidavit of service created a rebuttable presumption that the plaintiff served the defendant by delivering a copy of the summons and complaint to the Secretary of State (*see* CPLR 310-a [a]; Partnership Law § 121-109 [a] [1]; *Thas v Dayrich Trading, Inc.*, 78 AD3d 1163, 1164 [2010]; *Trini Realty Corp. v Fulton Ctr. LLC*, 53 AD3d 479 [2008]; *Commissioners of State Ins. Fund v Nobre, Inc.*, 29 AD3d 511 [2006]). In opposition, the defendant did not contend that the address that it had on file with the Secretary of State was incorrect, and the defendant's refusal to accept the duplicate copy of the summons and complaint sent to it by certified mail, return receipt requested, did not constitute

a reasonable excuse for the default (*see Matter of Wadlow v Wadlow*, 26 AD3d 747 [2006]; *Greyhound Capital Corp. v EDP Med. Computer Sys.*, 147 AD2d 674, 675 [1989]; *Paul Conte Cadillac v C.A.R.S. Purch. Serv.*, 126 AD2d 621, 622 [1987]; *Rifenburg v Liffiton Homes*, 107 AD2d 1015 [1985]; *Cascione v Acme Equip. Corp.*, 23 AD2d 49, 50 [1965]). The defendant did not proffer any other excuse for its default, and it did not proffer an excuse for its delay in serving a late answer five months after the time to serve an answer had expired. Accordingly, the plaintiff's motion pursuant to CPLR 3215 (e) for leave to enter judgment on the issue of liability against the defendant should have been granted and the defendant's cross motion to compel the plaintiff to accept its late answer should have been denied. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.