SYLVINA KING, Appellant, v SHANA KING, Respondent. [951 NYS2d 565]—

The plaintiff demonstrated her entitlement to enter judgment against the defendant upon the defendant's failure to appear or answer the complaint by submitting proof of service of the summons and complaint upon the defendant, proof of a viable cause of action, and proof of the defendant's failure to appear or answer (*see* CPLR 105 [u]; 3215 [f]; *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70 [2003]; *A & J Concrete Corp. v Arker*, 54 NY2d 870, 872 [1981]; *Triangle Props. # 2, LLC v Narang*, 73 AD3d 1030, 1032 [2010]; *Mercury Cas. Co. v Surgical Ctr. at Milburn, LLC*, 65 AD3d 1102 [2009]).

To avoid the entry of a default judgment, the defendant was required to demonstrate a reasonable excuse for her default and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Swedbank, AB, N.Y. Branch v Hale Ave. Borrower, LLC*, 89 AD3d 922 [2011]; *Ogman v Mastrantonio Catering, Inc.*, 82 AD3d 852, 853 [2011]; *Mercury Cas. Co. v Surgical Ctr. at Milburn, LLC*, 65 AD3d at 1102; *Baldwin v Mateogarcia*, 57 AD3d 594 [2008]).

The defendant failed to submit admissible evidence sufficient to demonstrate the existence of a potentially meritorious defense based upon the plaintiff's alleged fault in causing the car accident at issue (*see Thakurdyal v 341 Scholes St., LLC*, 50 AD3d 889, 890 [2008]; *Figueroa v Luna*, 281 AD2d 204, 205 [2001]). While, in certain limited circumstances, a police report may be admissible into evidence under the business records exception to the hearsay rule (*see Bailey v Reid*, 82 AD3d 809, 810 [2011]; *Noakes v Rosa*, 54 AD3d 317, 318 [2008]), the statements in the report attributed to the defendant and the plaintiff were not admissible under the business records hearsay exception because they were under no business duty to make such statements (*see Cover v Cohen*, 61 NY2d 261, 274 [1984]; *Johnson v Lutz*, 253 NY 124, 128 [1930]; *Carr v Burnwell Gas of Newark, Inc.*, 23 AD3d 998, 999 [2005]; *Hatton v Gassler*, 219 AD2d 697 [1995]). Furthermore, the statements were inadmissible, self-serving declarations, and did not meet the standards for admissibility under any other exception to the hearsay rule (*see Cover v Cohen*, 61 NY2d at 274; *Noakes v Rosa*, 54 AD3d at 318; *Hatton v Gassler*, 219 AD2d at 697; *Casey v Tierno*, 127 AD2d 727, 728 [1987]). Moreover, the defendant's proposed answer was not verified by a person with personal knowledge of the facts (*see Ogman v Mastrantonio Catering, Inc.*, 82 AD3d at 853; *Gross v Kail*, 70 AD3d 997, 998 [2010]; *Pampalone v Giant Bldg. Maintenance, Inc.*, 17 AD3d 556, 557 [2005]). Further, the defendant did not demonstrate that she had a potentially meritorious defense that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*cf. Papandrea v Acevedo*, 54 AD3d 915, 916 [2008]). Accordingly, in the absence of any admissible evidence sufficient to demonstrate the existence of a potentially meritorious defense, the plaintiff's motion for leave to enter judgment on the issue of liability against the defendant should have been granted (*see HSBC Bank USA N.A. v Nuteh 72 Realty Corp.*, 70 AD3d 998, 999-1000 [2010]). Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.