◾ Elma Karalis et al., Appellants, v New Dimensions HR, Inc., et al., Respondents, et al., Defendants. [962 NYS2d 647]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated February 3, 2011, as denied their motion pursuant to CPLR 3215 for leave to enter judgment on the issue of liability against the defendants New Dimensions HR, Inc., and Ingraham Contracting, upon their failure to appear or answer the complaint, and granted the cross motion of the defendants New Dimensions HR, Inc., and Ingraham Contract-

ing to vacate their default in appearing or answering the complaint and for leave to serve a late answer.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiffs' motion pursuant to CPLR 3215 for leave to enter judgment on the issue of liability against the defendants New Dimensions HR, Inc., and Ingraham Contracting, upon their failure to appear or answer the complaint, is granted, and the cross motion of the defendants New Dimensions HR, Inc., and Ingraham Contracting to vacate their default in appearing or answering the complaint and for leave to serve a late answer is denied.

The plaintiffs demonstrated their entitlement to judgment on the issue of liability against the defendants New Dimensions HR, Inc., and Ingraham Contracting (hereinafter together the New Dimensions defendants) by submitting proof of service of the summons and complaint, proof of the facts constituting their claim, and proof of those defendants' failure to answer or appear (see CPLR 3215 [f]; Wassertheil v Elburg, LLC, 94 AD3d 753, 753 [2012]; C&H Import & Export, Inc. v MNA Global, Inc., 79 AD3d 784, 785 [2010]).

To successfully oppose the plaintiffs' motion for leave to enter a default judgment against them, the New Dimensions defendants were required to demonstrate a reasonable excuse for their default and the existence of a potentially meritorious defense (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Wassertheil v Elburg, LLC, 94 AD3d at 753; Bank of N.Y. Mellon v Izmirligil, 88 AD3d 930, 931 [2011]; Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789, 789 [2011]). While the New Dimensions defendants' attorney may have engaged in settlement negotiations with the plaintiffs' attorney for a few months after the New Dimensions defendants' time to answer had expired, those defendants failed to substantiate that the further lengthy delay in seeking leave to serve a late answer, even after the plaintiffs indicated their intent to move for a default judgment, was due to settlement negotiations (see Bank of N.Y. Mellon v Izmirligil, 88 AD3d at 931; Kouzios v Dery, 57 AD3d 949, 950 [2008]; Antoine v Bee, 26 AD3d 306, 306 [2006]; Majestic Clothing Inc. v East Coast Stor., LLC, 18 AD3d 516, 518 [2005]). Furthermore, the New Dimensions defendants submitted only an answer verified by, and the affirmation of, their attorney, and since the attorney had no personal knowledge of the facts, those documents were insufficient to demonstrate the existence of a potentially meritorious defense (see Ogman v Mastrantonio Catering, Inc., 82 AD3d 852, 853 [2011]; Gross v Kail, 70 AD3d 997, 998 [2010]; Ju-

*seinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 356 [2005]).

Accordingly, the plaintiffs' motion for leave to enter a default judgment on the issue of liability against the New Dimensions defendants should have been granted, and the cross motion of those defendants to vacate their default in appearing or answering the complaint and for leave to serve a late answer should have been denied. Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.