In an action to recover damages for personal injuries, the defendant Mike’s Heavy Duty Towing, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Sweeney, J.), dated February 15, 2012, as granted the plaintiffs’ motion for leave to enter judgment on the issue of liability against it, upon its default in appearing or answering.
Ordered that the order is affirmed insofar as appealed from, with costs.
*976 The plaintiffs demonstrated their entitlement to judgment on the issue of liability against the appellant by submitting proof of service of the summons and complaint, proof of the facts constituting their claim against the appellant, and proof of the appellant’s failure to answer or appear (see CPLR 3215 [f]; Woodson v Mendon Leasing Corp., 100 NY2d 62, 70-71 [2003]; Karalis v New Dimensions HR, Inc., 105 AD3d 707 [2013]).
In opposition to the plaintiffs’ motion for leave to enter a default judgment against it, the appellant failed to demonstrate a reasonable excuse for its default or to come forward with any proof to rebut the affidavit of the plaintiffs’ process server, which constituted prima facie evidence of proper service upon it pursuant to CPLR 311 (a) (1) (see Business Corporation Law § 306; CPLR 5015 [a] [1], [4]; Hidalgo v Cruiser Taxi Corp., 101 AD3d 950 [2012]; Thas v Dayrich Trading, Inc., 78 AD3d 1163, 1164 [2010]; Gartner v Unified Windows, Doors & Siding, Inc., 71 AD3d 631, 632 [2010]).
Furthermore, the appellant failed to demonstrate that it did not personally receive notice of the summons in time to defend the action, as required to obtain relief from a default judgment pursuant to CPLR 317 (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Hidalgo v Cruiser Taxi Corp., 101 AD3d at 951; Wassertheil v Elburg, LLC, 94 AD3d 753, 754 [2012]; Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc., 83 AD3d 1080, 1081-1082 [2011]).
Accordingly, the Supreme Court properly granted the plaintiffs’ motion for leave to enter judgment on the issue of liability against the appellant. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.