■ Alberto Loaiza et al., Appellants, v Rene Guzman et al., Respondents. [974 NYS2d 282]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Kitzes, J.), entered March 26, 2013, which denied their renewed motion for leave to enter judgment on the issue of liability against the defendants, upon their failure to appear or answer, and granted the defendants' cross motion pursuant to CPLR 3012 (d) for leave to serve a late answer and to compel the plaintiffs to accept service of that answer.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' renewed motion for leave to enter judgment on the issue of liability against the defendants is granted, and the defendants' cross motion for leave to serve a late answer and to compel the plaintiffs to accept service of that answer is denied.

In support of their renewed motion for leave to enter a default judgment on the issue of liability against the defendants, the plaintiffs submitted proof of service of the summons and complaint on each defendant, proof of the facts constituting their claims, and proof of the defendants' failure to answer or appear (*see* CPLR 3215 [f]; *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70-71 [2003]; *Suk Min Oh v Hon Voon Chung*, 107 AD3d 975, 976 [2013]; *Karalis v New Dimensions HR, Inc.*, 105 AD3d 707, 708 [2013]).

In opposition to the plaintiffs' renewed motion, the defendants alleged that their first notice of this action was when they received the plaintiffs' renewed motion and cross-moved pursuant to CPLR 3012 (d) for leave to serve a late answer and to compel the plaintiffs to accept service of that answer. The affidavits of the plaintiffs' process server constituted prima facie evidence that the defendant Rene Guzman was validly served pursuant to CPLR 308 (1) and that the defendant William Guzman was validly served pursuant to CPLR 308 (2) (*see Washington Mut. Bank v Holt*, 71 AD3d 670 [2010]; *Wells Fargo Bank, NA v Chaplin*, 65 AD3d 588, 589 [2009]). The defendants did not deny receipt of process or swear to detailed and specific facts to rebut the statements in the process server's affidavits (*see Deutsche Bank Natl. Trust Co. v Jagroop*, 104 AD3d 723, 724 [2013]; *Prospect Park Mgt., LLC v Beatty*, 73 AD3d 885, 886 [2010]; *Mortgage Elec. Registration Sys., Inc. v Schotter*, 50 AD3d 983 [2008]). Therefore, the defendants were not entitled to relief pursuant to CPLR 5015 (a) (4). Furthermore, to the extent that the defendants are arguing excusable default pursuant to CPLR 5015 (a) (1), the defendants did not demonstrate a reasonable excuse for their failures to answer and oppose the plaintiffs' initial motion for a default judgment, and for their delay of more than one year in appearing in this action (*see Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]; *Deutsche Bank Natl. Trust Co. v Pietranico*, 102 AD3d 724, 725 [2013]). Accordingly, the plaintiffs' motion for leave to enter a default judgment on the issue of liability against the defendants should have been granted and the defendants' cross motion pursuant to CPLR 3012 (d) for leave to serve a late answer and to compel the plaintiffs to accept service of that answer, should have been denied (*see Kolonkowski v Daily News, L.P.*, 94 AD3d 704, 706 [2012]; *Leifer v Pilgreen Corp.*, 62 AD3d 759, 760 [2009]). Skelos, J.P., Dickerson, Lott and Austin, JJ., concur.