In an action to recover fees for legal services rendered, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Walsh II, J.), dated December 9, 2011, as denied his motion pursuant to CPLR 3215 for leave to enter judgment on the issue of liability, upon the defendant’s failure to appear or answer in the action.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiffs motion pursuant to CPLR 3215 for leave to enter judgment on the issue of liability, upon the defendant’s failure to appear or answer in the action, is granted, and the matter is remitted to the Supreme Court, Rockland County, for an inquest on the amount of attorney fees, if any, to which the plaintiff is entitled.
On a motion for leave to enter a default judgment under CPLR 3215, a plaintiff must submit proof of service of the summons and the complaint, the facts constituting the claim, and the defendant’s default (see CPLR 3215 [f]; King v King, 99 AD3d 672, 672 [2012]; C&H Import & Export, Inc. v MNA Global, Inc., 79 AD3d 784, 785 [2010]). To defeat a motion for leave to enter a default judgment, the defendant must establish a reasonable excuse for the default and a potentially meritorious defense to the action (see Wassertheil v Elburg, LLC, 94 AD3d 753, 753 [2012]; New Seven Colors Corp. v White Bubble Laundromat, Inc., 89 AD3d 701, 702 [2011]; Wells Fargo Bank, *884 N.A. v Cervini, 84 AD3d 789, 789 [2011]; cf. CPLR 5015 [a] [1]). Here, the defendant’s excuse for her failure to appear or answer in the action was inadequate (see Arias v First Presbyt. Church in Jamaica, 100 AD3d 940, 941 [2012]). In light of the defendant’s failure to establish a reasonable excuse for her default, it is unnecessary to determine whether she demonstrated the existence of potentially meritorious defenses to the complaint (see id. at 941; Midfirst Bank v Al-Rahman, 81 AD3d 797, 797 [2011]). Accordingly, the plaintiffs motion for leave to enter a default judgment on the issue of liability should have been granted. Balkin, J.E, Leventhal, Roman and Miller, JJ., concur.