■ Terrance Kennedy, Appellant, v City of New York et al., Respondents. [980 NYS2d 779]—

In an action, inter alia, to recover damages for false arrest, the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered April 5, 2013, which denied his motion for leave to enter a default judgment against the defendant Anthony Puleo and granted the cross motion of that defendant pursuant to CPLR 3012 (d) to extend his time to

appear and answer and to compel the plaintiff to accept his answer.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for leave to enter a default judgment against the defendant Anthony Puleo is granted, and the cross motion of that defendant pursuant to CPLR 3012 (d) to extend his time to appear and answer, and to compel the plaintiff to accept his answer, is denied.

In support of his cross motion pursuant to CPLR 3012 (d), the defendant Anthony Puleo was required to provide a reasonable excuse for his default in answering or otherwise appearing, and a potentially meritorious defense to the action (*see Vigo v 501 Second St. Holding Corp.*, 100 AD3d 871 [2012]; *Lipp v Port Auth. of N.Y. & N.J.*, 34 AD3d 649 [2006]; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 356 [2005]). However, he failed to submit an affidavit establishing a reasonable excuse for his default or demonstrating that he had a meritorious defense to the action. The proposed answer was insufficient to constitute an affidavit of merit, as it was verified by an attorney who had no personal knowledge of the facts (*see Karalis v New Dimensions HR, Inc.*, 105 AD3d 707, 708 [2013]; *Ryan v Breezy Point Coop., Inc.*, 76 AD3d 523 [2010]). Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.