U.S. Bank, National Association, Appellant, v Carissa Razon et al., Defendants. [981 NYS2d 571]—

In an action, inter alia, to cancel and vacate two satisfactions of mortgage recorded on November 16, 2010, and January 7, 2011, respectively, and to reinstate a mortgage recorded on January 18, 2007, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Pfau, J.), dated July 9, 2012, as denied its unopposed motion, in effect, pursuant to CPLR 3215, for leave to enter a judgment against the defendants canceling and vacating the satisfactions of mortgage recorded on November 16, 2010, and January 7, 2011, respectively, and reinstating the mortgage recorded on January 18, 2007, upon the defendants' failure to appear or answer and, by permission, from so much of the same order as, sua sponte, directed dismissal of the complaint and cancellation of the notice of pendency filed against the subject property.

Ordered that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and the plaintiff's motion, in effect, pursuant to CPLR 3215, for leave to enter a judgment against the defendants canceling and vacating the satisfactions of mortgage recorded on November 16, 2010, and January 7, 2011, respectively, and reinstating the mortgage recorded on January 18, 2007, upon the defendants' failure to appear or answer, is granted.

The Supreme Court improvidently exercised its discretion in, sua sponte, directing dismissal of the complaint and cancellation of the notice of pendency filed against the subject property. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*Onewest Bank, FSB v Fernandez*, 112 AD3d 681, 682 [2013] [internal quotation marks omitted]; *see HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 817 [2013]; *Aurora Loan Servs., LLC v Sobanke*, 101 AD3d 1065, 1066 [2012]; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]). Here, there were no extraordinary circumstances warranting dismissal of the complaint and cancellation of the notice of pendency (*see HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817; *Aurora Loan Servs., LLC v Sobanke*, 101 AD3d at 1066; *Bank of Am., N.A. v Bah*, 95 AD3d 1150, 1151-1152 [2012]).

The Supreme Court also erred in denying the plaintiff's unopposed motion, in effect, pursuant to CPLR 3215, for leave to enter a judgment against the defendants canceling and vacating

the satisfactions of mortgage recorded on November 16, 2010, and January 7, 2011, respectively, and reinstating the mortgage recorded on January 18, 2007, upon the defendants' failure to appear or answer. "A party's right to recover upon a defendant's failure to appear or answer is governed by CPLR 3215" (*Beaton v Transit Facility Corp.*, 14 AD3d 637, 637 [2005]; *see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70-71 [2003]). An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear (*see* CPLR 3215 [f]; *Loaiza v Guzman*, 111 AD3d 608, 609 [2013]; *Dupps v Betancourt*, 99 AD3d 855, 855 [2012]). Here, in support of its motion, the plaintiff satisfied these requirements (*see Mortgage Elec. Registration Sys., Inc. v Smith*, 111 AD3d 804, 806 [2013]; *Dupps v Betancourt*, 99 AD3d at 855; *Ogman v Mastrantonio Catering, Inc.*, 82 AD3d 852, 853 [2011]). Balkin, J.P., Leventhal, Austin and Roman, JJ., concur.