■ U.S. BANK NATIONAL ASSOCIATION, Respondent, v GLENN S. ALBA, Appellant, et al., Defendants. [11 NYS3d 864]—In an action to foreclose a mortgage, the defendant Glenn S. Alba appeals from an order of the Supreme Court, Suffolk County (Hinrichs, J.), dated July 2, 2013, which granted the plaintiff's motion for leave to enter a default judgment and for the appointment of a referee to compute.

Ordered that the order is affirmed, with costs.

In this action to foreclose a mortgage, the appellant contends that the plaintiff's motion for leave to enter a default judgment against him and for the appointment of a referee to compute should have been denied on the basis that the plaintiff failed to

make the motion within one year of his default in answering the complaint (*see* CPLR 3215 [c]). This contention is not properly before this Court, as it was not raised before the Supreme Court (*see General Motors Acceptance Corp. v Grade A Auto Body, Inc.*, 21 AD3d 447 [2005]; *Zeballos v Zeballos*, 104 AD2d 1033 [1984]).

By submitting proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the appellant's failure to appear or answer, the plaintiff demonstrated its entitlement to leave to enter a default judgment and for the appointment of a referee to compute (*see* CPLR 3215 [f]; *U.S. Bank, N.A. v Razon*, 115 AD3d 739, 740 [2014]; *Mortgage Elec. Registration Sys., Inc. v Smith*, 111 AD3d 804, 806 [2013]; *Loaiza v Guzman*, 111 AD3d 608, 609 [2013]).

To avoid the entry of a default judgment, a defendant must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (*see King v King*, 99 AD3d 672, 672 [2012]; *Mercury Cas. Co. v Surgical Ctr. at Milburn, LLC*, 65 AD3d 1102, 1102 [2009]; *Allstate Ins. Co. v Austin*, 48 AD3d 720, 720 [2008]; *cf. U.S. Bank N.A. v Stewart*, 97 AD3d 740 [2012]; *Deutsche Bank Natl. Trust Co. v Luden*, 91 AD3d 701 [2012]; *Fremont Inv. & Loan v Bertram*, 90 AD3d 988 [2011]; *Citimortgage, Inc. v Brown*, 83 AD3d 644, 645 [2011]). In this case, the appellant failed to proffer any explanation for his failure to timely answer the complaint. Thus, it is unnecessary to consider the issue of whether the appellant had a potentially meritorious defense to the action (*see Wells Fargo Bank v Malave*, 107 AD3d 880 [2013]).

Accordingly, the Supreme Court correctly granted the plaintiff's motion.

To the extent that the brief filed by the pro se appellant purports to also be on behalf of the defendant Corrine E. Alba, we note that Corrine E. Alba is not an appellant, as no notice of appeal was filed on her behalf. Dillon, J.P., Leventhal, Cohen and Maltese, JJ., concur.