■ Francisca Vidal, Appellant, v 452 Wyckoff Corp. et al., Respondents. [15 NYS3d 175]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Toussaint, J.), entered December 30, 2014, which denied her motion pursuant to CPLR 3215 for leave to enter a judgment on the issue of liability against the defendant 452 Wyckoff Corp. upon its failure to appear or answer the complaint, and granted the defendants' cross motion for leave to amend the answer of the defendant Bogopa, Inc., doing business as Food Bazaar, to reflect that it was also the answer of the defendant 452 Wyckoff Corp. and to compel the plaintiff to accept that answer as timely.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion pursuant to CPLR 3215 for leave to enter a judgment on the issue of liability against the defendant 452 Wyckoff Corp. upon its failure to appear or answer the complaint is granted, and the defendants' cross motion for leave to amend the answer of the defendant Bogopa, Inc., doing business as Food Bazaar, to reflect that it was also the answer of the defendant 452 Wyckoff Corp. and to compel the plaintiff to accept that answer as timely is denied.

To demonstrate her entitlement to relief under CPLR 3215 (a), the plaintiff was required to submit proof of service of the summons and complaint, the facts constituting the claim demonstrating that she had a viable cause of action, and the defendants' default in answering or appearing (*see* CPLR 3215 [f]; *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 59 [2013]). "To defeat a facially adequate CPLR 3215 motion, a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense" (*Fried v Jacob Holding, Inc.*, 110 AD3d at 60; *see Wassertheil v Elburg, LLC*, 94 AD3d 753, 753 [2012]; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 355-356 [2005]).

Here, the plaintiff, in support of her motion for leave to enter

a default judgment against the defendant 452 Wyckoff Corp. (hereinafter Wyckoff) demonstrated her entitlement to judgment on the issue of liability against Wyckoff by submitting proof of service of the summons and complaint upon Wyckoff, the facts constituting the claim against Wyckoff, and Wyckoff's default in answering or appearing in this action (*see* CPLR 3215 [f]; *Loaiza v Guzman*, 111 AD3d 608, 609 [2013]; *Karalis v New Dimensions HR, Inc.*, 105 AD3d 707, 708 [2013]; *Wassertheil v Elburg, LLC*, 94 AD3d 753, 753 [2012]).

In opposition to the plaintiff's motion and in support of their cross motion, the defendants failed to demonstrate that Wyckoff had a potentially meritorious defense to this action. The defendants submitted a proposed answer which was verified only by their attorney, and an affirmation from an attorney who did not have personal knowledge of the facts (*see Kennedy v City of New York*, 114 AD3d 831, 832 [2014]; *Karalis v New Dimensions HR, Inc.*, 105 AD3d at 708; *Ryan v Breezy Point Coop., Inc.*, 76 AD3d 523, 524 [2010]; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d at 356).

The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal.

Accordingly, the Supreme Court should have granted the plaintiff's motion for leave to enter a default judgment against Wyckoff and denied the defendants' cross motion for leave to amend the answer of the defendant Bogopa, Inc., doing business as Food Bazaar, to reflect that it was also Wyckoff's answer and to compel the plaintiff to accept service of that answer. Mastro, J.P., Austin, Roman and Sgroi, JJ., concur.