■ LIZAVETA GERSHMAN, Appellant, v SAMMEY AHMAD et al., Defendants, and BILLIARD BALLS MANAGEMENT, LLC, Doing Business as SLATE, Respondent. [16 NYS3d 836]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated May 7, 2014, which denied her motion for leave to enter judgment on the issue of liability against the defendant Billiard Balls Management, LLC, doing business as Slate, upon its failure to answer the complaint, and granted that defendant's cross motion to compel her to accept late service of its answer.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the plaintiff's motion for leave to enter judgment on the issue of liability as against the defendant Billiard Balls Management, LLC, doing business as Slate, is granted, and that defendant's cross motion to compel the plaintiff to accept late service of its answer is denied.

On February 5, 2012, the plaintiff allegedly was injured while she was a passenger in a vehicle operated by the defendant Sammey Ahmad, when he lost control of the vehicle, striking light poles and a tree. As relevant to the instant appeal, the plaintiff alleges that the defendant Billiard Balls Management, LLC, doing business as Slate (hereinafter Billiard), violated the Dram Shop Act (General Obligations Law § 11-101) by selling alcoholic beverages to Sammey Ahmad while he was visibly intoxicated.

In September 2012, the plaintiff commenced this action by filing a summons and verified complaint. Billiard was served via the New York Secretary of State. Thereafter, two extensions of time to answer the complaint were stipulated to by the plaintiff's counsel and a law firm that the plaintiff's counsel believed represented Billiard. Approximately nine months after the last stipulated extension of time for Billiard to answer had expired, the plaintiff, having not received an answer, moved for leave to enter a judgment against Billiard. Approximately one month later, Billiard, represented by a law firm different from that which stipulated to the extensions, opposed the plaintiff's motion, and cross-moved to compel acceptance of its proposed answer. The Supreme Court denied the plaintiff's motion and granted Billiard's cross motion. The plaintiff appeals. We reverse.

The Supreme Court should have granted the plaintiff's motion for leave to enter judgment against Billiard, as she submitted proof of (a) proper service of the summons and complaint, (b) the facts constituting her claim, by virtue of a complaint verified by the plaintiff, and (c) Billiard's default in answering the complaint (*see* CPLR 3215 [f]; *SDK Prop. One, LLC v QPI-XXXII, LLC*, 116 AD3d 835 [2014]; *Diederich v Wetzel*, 112 AD3d 883 [2013]; *Triangle Props. # 2, LLC v Narang*, 73 AD3d 1030 [2010]). Contrary to Billiard's argument, the plaintiff did not need to demonstrate her compliance with the additional notice requirement of CPLR 3215 (g) (4). By its express terms, the notice requirement is limited to situations where a default judgment is sought against a "domestic or authorized foreign corporation" which has been served pursuant to Business Corporation Law § 306 (b), and does not pertain to a limited liability company such as Billiard (CPLR 3215 [g] [4] [i]; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 240; *Confidential Lending, LLC v Nurse*, 120 AD3d 739, 742 [2014]).

A defendant who has failed to timely appear or answer the complaint must provide a reasonable excuse for the default and demonstrate the existence of a potentially meritorious defense to the action in order to avoid the entry of a default judgment (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Paulus v Christopher Vacirca, Inc.*, 128 AD3d 116 [2015]; *Cervini v Cisco Gen. Constr., Inc.*, 123 AD3d 1077 [2014]). A defendant who moves to compel the plaintiff to accept late service of an answer pursuant to CPLR 3012 (d) is required to make a similar showing (*see* *Citimortgage, Inc. v Stover*, 124 AD3d 575 [2015]; *Mannino Dev., Inc. v Linares*, 117 AD3d 995 [2014]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889 [2010]).

The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion (*see* *White v Incorporated Vil. of Hempstead*, 41 AD3d 709, 710 [2007]). "Whether a proffered excuse is 'reasonable' is a 'sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits' " (*Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013], quoting *Harcztark v Drive Variety, Inc.*, 21 AD3d 876, 876-877 [2005]; *see* *Oller v Liberty Lines Tr., Inc.*, 111 AD3d 903, 904 [2013]; *Moore v Day*, 55 AD3d 803, 804 [2008]).

Here, Billiard failed to provide a reasonable excuse for its approximately 10-month delay in answering. While Billiard's

general manager, Jimmy Fok, averred in an affidavit that he forwarded a copy of the complaint to Billiard's insurance carrier, he also acknowledged that he was aware that coverage was disclaimed and that the disclaimer came "after the assignment of counsel but before an answer was interposed," during which time "efforts were made to have the disclaimer withdrawn." The disclaimer was issued on December 28, 2012, and the time within which Billiard was required to answer had been extended by one of the stipulations until January 11, 2013. While Fok averred that Billiard did not attempt "to avoid interposing an Answer," he acknowledged that he did nothing with regard to interposing an answer until after the motion for leave to enter judgment had been served by the plaintiff, at which time there was still an approximately 30-day delay between the service of the motion and the date of the verified answer. Thus, the delay was not attributable to insurance carrier delay (*see Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60-61 [2013]), but rather, resulted from Billiard's attempts and negotiations to alter the outcome of its insurance carrier's disclaimer. Under these circumstances, we find the excuse for Billiard's default unreasonable (*see Jackson v Professional Transp. Corp.*, 81 AD3d 602, 603 [2011]; *Dave Sandel, Inc. v Specialized Indus. Servs. Corp.*, 35 AD3d 790 [2006]; *Lemberger v Congregation Yetev Lev D'Satmar, Inc.*, 33 AD3d 671, 672 [2006]; *Gainey v Anorzej*, 25 AD3d 650, 651 [2006]).

In any event, Billiard failed to demonstrate that it had a potentially meritorious defense. The Fok affidavit did not address the merits of any defense, and the proposed answer was verified by counsel, who had no personal knowledge of the facts (*see Gross v Kail*, 70 AD3d 997 [2010]; *Baldwin v Mateogarcia*, 57 AD3d 594, 594-595 [2008]; *Bekker v Fleischman*, 35 AD3d 334 [2006]; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353 [2005]). While Billiard's counsel contended that a triable issue of fact existed as to whether there was violation of the Dram Shop Act, this, without more, does not demonstrate a potentially meritorious defense (*see King v King*, 99 AD3d 672, 673 [2012]; *Baldwin v Mateogarcia*, 57 AD3d 594, 594-595 [2008]; *see also Dodge v Commander*, 18 AD3d 943 [2005]; *Bishop v Galasso*, 67 AD2d 753 [1979]).

Accordingly, since Billiard failed to demonstrate a reasonable excuse for its failure to answer and, in any event, failed to demonstrate a potentially meritorious defense, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion for leave to enter judgment against Billiard and in granting Billiard's cross motion to compel the plaintiff

to accept its late answer. Dillon, J.P., Leventhal, Cohen and Maltese, JJ., concur.