Ganchrow v Kremer (2018 NY Slip Op 00277)





Ganchrow v Kremer


2018 NY Slip Op 00277


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-04857
 (Index No. 703697/14)

[*1]Jacob Ganchrow, et al., respondents, 
v
Karen Kremer, appellant.


Russo & Tambasco, Melville, NY (Yamile Al-Sullami of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Raffaele, J.), entered April 14, 2016, which denied her motion pursuant to CPLR 3012(b) to dismiss the action for failure to timely serve a complaint and granted the plaintiffs' cross motion, in effect, to extend the time to serve the complaint.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the defendant's motion pursuant to CPLR 3012(b) to dismiss the action for failure to timely serve a complaint is granted, and the plaintiffs' cross motion, in effect, to extend the time to serve the complaint is denied.
On January 15, 2013, the defendant, while operating her own vehicle, allegedly was involved in an accident with a vehicle in which the plaintiffs, Jacob Ganchrow (hereinafter the injured plaintiff) and Susan Ganchrow, were passengers. By the filing of a summons with notice, the plaintiffs commenced this personal injury action. The defendant served the plaintiffs with a notice of appearance and demand for a complaint on October 14, 2014. The plaintiffs had until November 10, 2014, to serve their complaint upon the defendant, but failed to do so (see CPLR 2103[b][2]; 3012[b]; General Construction Law § 25-a[1]).
On September 30, 2015, the defendant moved pursuant to CPLR 3012(b) to dismiss the action for failure to timely serve a complaint. In an affirmation in support of the motion, the defendant's counsel stated that on September 2, 2015, he had phoned the plaintiffs' counsel to request a response to the demand for a complaint. The defendant's counsel also submitted with the motion a copy of a letter he sent to the plaintiffs' counsel that same day memorializing their phone conversation. The plaintiffs cross-moved on November 12, 2015, in effect, to extend their time to serve their complaint. The plaintiffs annexed to their cross motion a proposed complaint verified by their counsel, and an uncertified copy of a police accident report concerning the accident which gave rise to this action. The Supreme Court denied the defendant's motion and granted the plaintiffs' cross motion, and the defendant appeals.
To avoid dismissal for failing to timely serve a complaint after a demand has been made pursuant to CPLR 3012(b), and to be entitled to an extension of time to serve the complaint under CPLR 3012(d), a plaintiff has to demonstrate both a reasonable excuse for the delay and a potentially meritorious cause of action (see Country Serv., Inc. v Feiden & Assoc., P.C., 92 AD3d 914, 915). Although it is generally within the sound discretion of the motion court to determine what constitutes a reasonable excuse (see Pristavec v Galligan, 32 AD3d 834, 834-835), reversal is [*2]warranted if that discretion is improvidently exercised (see Thompson v Steuben Realty Corp., 18 AD3d 864, 865; Orwell Bldg. Corp. v Bessaha, 5 AD3d 573, 574).
Here, the plaintiffs failed to demonstrate either that they had a reasonable excuse for the delay in serving their complaint or that their causes of action were meritorious. The excuse for the failure to serve a complaint proffered by the plaintiffs' counsel, that when the defendant's demand was received by his office on October 18, 2014, an unidentified member of his support staff "apparently" placed the demand in the file without showing it to him, did not constitute a reasonable excuse (see e.g. J.C. Ryan EBCO/H & G, LLC v Cyber-Struct, Inc., 134 AD3d 901, 902). Further, the fact that the letter memorializing the telephone conversation between the parties' attorneys was sent to the former address of the plaintiffs' counsel did not provide the plaintiffs with a reasonable excuse since their attorney never advised the Supreme Court or the defendant of his new address, and there is no requirement that a good faith letter be sent prior to moving to dismiss an action for failure to timely serve a complaint (see 22 NYCRR 202.7[a][2]; [c]; Piemonte v JSF Realty, LLC, 140 AD3d 1145, 1146).
Moreover, the plaintiffs failed to submit an affidavit of merit or other evidence demonstrating that their action was meritorious. The proposed complaint verified by their attorney, who did not have personal knowledge of the facts, was not sufficient to demonstrate that the action was potentially meritorious (see King v King, 99 AD3d 672, 673; see also Baldwin v Mateogarcia, 57 AD3d 594, 594-595). Further, the police accident report was uncertified and, thus, constituted inadmissible hearsay, and did not contain any admission by the defendant against her interest bearing on how the accident occurred (see Gezelter v Pecora, 129 AD3d 1021, 1022-1023; Hazzard v Burrowes, 95 AD3d 829, 831).
Accordingly, the Supreme Court improvidently exercised its discretion in denying the defendant's motion to dismiss the action and in granting the plaintiffs' cross motion, in effect, to extend the time to serve the complaint.
AUSTIN, J.P., SGROI, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court