Rodie v Sahai (2019 NY Slip Op 06639)





Rodie v Sahai


2019 NY Slip Op 06639


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-11959
 (Index No. 663/16)

[*1]Deroy Rodie, et al., appellants,
v
Melissa Sahai, respondent, et al., defendants.


Valerie A. Hawkins, Hempstead, NY, for appellants.
Brian McCaffrey, Jamaica, NY, for respondent.



DECISION & ORDER
In an action to quiet title, the plaintiffs appeal from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated November 17, 2017. The order, insofar as appealed from, in effect, granted those branches of the motion of the defendant Melissa Sahai which were to vacate her default in answering the complaint and pursuant to CPLR 3012(d) to extend her time to serve an answer, and denied that branch of the plaintiffs' cross motion which was for leave to enter a default judgment against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action to quiet title. Service of the complaint on the defendant Melissa Sahai (hereinafter the defendant) was completed on May 2, 2016. The defendant failed to timely interpose an answer. On or about March 28, 2017, the defendant moved, inter alia, to vacate her default in answering the complaint and pursuant to CPLR 3012(d) to extend her time to serve an answer. Thereafter, the plaintiffs cross-moved, inter alia, for leave to enter a default judgment against her. The Supreme Court, in effect, granted those branches of the defendant's motion and denied that branch of the plaintiffs' cross motion. The plaintiffs appeal.
To extend the time to answer the complaint and/or avoid the entry of a default judgment, a defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action (see CPLR 3012[d]; Yuxi Li v Caruso, 161 AD3d 1132, 1133; Gershman v Ahmad, 131 AD3d 1104, 1105). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877; see Yuxi Li v Caruso, 161 AD3d at 1134; Gershman v Ahmad, 131 AD3d at 1105).
Here, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was to vacate her default in answering the complaint and to extend her time to serve an answer, and to deny that branch of the plaintiffs' cross motion which was for leave to enter a default judgment against the defendant.
DILLON, J.P., MILLER, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court