Matter of Buie (2020 NY Slip Op 05047)





Matter of Buie


2020 NY Slip Op 05047


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-07676

[*1]In the Matter of Hallie Buie, etc., deceased. Deborah Buie, respondent; Linda Buie, et al., appellants. (File No. 1228A/06)


Alter & Barbaro, Brooklyn, NY (Bernard Mitchell Alter and Nichole Bishop Castillo of counsel), for appellants.
Schonfeld & Weinstein, P.C. (O'Hare Parnagian, New York, NY [Robert A. O'Hare], of counsel), for respondent.



DECISION & ORDER
In a proceeding to obtain letters of administration for the estate of Hallie Buie, Linda Buie and Teresa Buie appeal from a decree of the Surrogate's Court, Kings County (Margarita López Torres, S.), dated May 1, 2017. The decree, upon an order of the same court dated February 16, 2017, denying the motion of Linda Buie and Teresa Buie, in effect, for leave to vacate their default in appearing and to extend their time to answer the petition and directing that limited letters of administration be issued to the petitioner upon her duly qualifying therefor, directed that limited letters of administration be issued to the petitioner.
ORDERED that the decree is affirmed, with costs payable by Linda Buie and Teresa Buie personally.
This appeal involves the estate of Hallie Buie (hereinafter the decedent), who died intestate on October 17, 2004. The decedent was survived by five children, including the petitioner, Deborah Buie. On or about July 20, 2016, the petitioner commenced this proceeding to obtain letters of administration for the decedent's estate. According to the petition, at the time of her death, the decedent owned a single-family house in Brooklyn, as well as an adjacent vacant lot. The petition was served on certain parties, including Linda Buie and Teresa Buie (hereinafter together the appellants), who are two of the decedent's children.
The appellants did not answer the petition or appear on the return date of the petition. The appellants moved, in effect, for leave to vacate their default in appearing and to extend their time to answer the petition. The Surrogate's Court denied their motion, and subsequently issued a decree directing that limited letters of administration be issued to the petitioner.
"To extend the time to answer the [petition] and/or avoid the entry of a default judgment, a [respondent] who has failed to appear or answer the [petition] must provide a reasonable excuse for the default and demonstrate a potentially meritorious [objection] to the [petition]" (Rodie v Sahai, 175 AD3d 1449; see CPLR 3012[d]; Yuxi Li v Caruso, 161 AD3d 1132, 1133; Gershman v Ahmad, 131 AD3d 1104, 1105). Here, the appellants failed to set forth a reasonable excuse for [*2]their default (see U.S. Bank N.A. v Slavinski, 78 AD3d 1167, 1167-1168; Dorrer v Berry, 37 AD3d 519, 520).
Moreover, the appellants failed to set forth a potentially meritorious objection to the petition. Contrary to the appellants' contention, the Surrogate's Court had jurisdiction over the petition, as it involved matters relating to the affairs of the decedent, including the disposition of the subject real property (see SCPA 201[1], [3]; 1901, 1902, 1907; EPTL 11-1.1[b][5]; Matter of Piccione, 57 NY2d 278, 288; Matter of Billings, 241 AD2d 452, 453; see also Matter of Southwick, 127 AD2d 662).
Accordingly, the Surrogate's Court providently exercised its discretion in denying the appellants' motion (see CPLR 3012[d]; Kennedy v City of New York, 114 AD3d 831).
MASTRO, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court