■ In the Matter of the Estate of Lewis W. Scott, Deceased. Gwendolyn L. Scott, as Administratrix of the Estate of Lewis W. Scott, Deceased, Respondent-Appellant, v City of Rochester, Appellant-Respondent.—Order unanimously reversed, on the law, without costs, and petition dismissed. Memorandum: The only issue raised or considered on appeal is that part of the Surrogate Court order which directs that any surplus derived from the sale of the property, after payments of taxes and charges, shall be held for the benefit of the estate pending further order of the Surrogate. There is no dispute as to the validity of the city's tax foreclosure judgment. No appeal was taken from that judgment nor was there ever any motion made to vacate it. Thus, that judgment of the Supreme Court controlled the issues raised before the Surrogate. Since no answer or notice of interest had ever been served upon the city, the judgment conveyed to the City of Rochester title to the subject property in fee simple absolute and declared that all persons who may have had any interest in the property were forever foreclosed of all such interest (Rochester City Charter § 9-139). The proceedings instituted by the administratrix in Surrogate's Court could have no effect on the prior judgment of foreclosure rendered in the Supreme Court.

A city may foreclose on tax delinquent property and retain it or the entire proceeds from its sale as long as adequate steps are taken to notify the owners of charges due and of foreclosure proceedings *(Nelson v City of New York,* 352 US 103). The estate was given adequate notice and time in which

to respond but failed to submit a verified notice of interest as required by Rochester City Charter § 9-131. Thus, the court erred in directing that the proceeds of the sale are subject to the jurisdiction of the Surrogate's Court. (Appeals from order of Monroe County Surrogate's Court, Ciaccio, S.—foreclosure.) Present—Callahan, J. P., Doerr, Boomer, Pine and Schnepp, JJ.