■ In the Matter of BARBARA J. ELLIS, Respondent, v CITY OF ROCHESTER, Appellant. [643 NYS2d 279] —Order unanimously reversed on the law without costs and judgment of foreclosure and sale reinstated. Memorandum: Supreme Court set aside the tax sale of 165 Bartlett Street in Rochester on the ground that the sale price was so low as to shock the conscience of the court. That was error. The cases relied on by the court are mortgage foreclosure sale cases (*see, e.g., Manufacturers & Traders Trust Co. v Niagara Sq. Assocs.* [appeal No. 2], 199 AD2d 975, 976, *lv denied* 83 NY2d 845). There is no reported authority in New York for applying the "shocks the conscience" test to tax sales. The only issue in tax sale cases is whether the taxpayer received proper notice. In *Nelson v New York City* (352 US 103), the United States Supreme Court held that, where the City of New York had foreclosed on real property for charges for delinquent taxes, it was entitled to retain the property or the entire proceeds of its sale in the absence of timely action to redeem or recover any surplus. The Court held that there was no Federal constitutional impediment to that result "where the record shows adequate steps were taken to notify the owners of the charges due and the foreclosure proceedings" (*Nelson v New York City, supra,* at 110). We relied on that language in a case involving the same charter provisions at issue here (*see, Matter of Scott*, 116 AD2d 1020, *lv denied* 67 NY2d 608). Thus, where, as here, the taxpayer "neither attempted to redeem her property nor interposed an answer", the City of Rochester is entitled to a deed conveying an estate in fee simple absolute and the taxpayer is " 'forever foreclosed' " of her interest in the property (*Matter of Valente v Culver*, 124 AD2d 950, 951, 952, *lv denied* 69 NY2d 611, quot-

ing Real Property Tax Law former § 1136 [6]; *see, Matter of City of Binghamton [Ritter]*, 128 AD2d 266, 268). Nor is the taxpayer entitled to any compensation upon the resale of the property (*see, Texaco, Inc. v Short*, 454 US 516, 530; *Sheehan v County of Suffolk*, 67 NY2d 52, 59, *rearg denied* 67 NY2d 918, *cert denied sub nom. MacKechnie v County of Sullivan*, 478 US 1006).

We reject the contention that the City failed to give the taxpayer proper notice. The City presented proof in admissible form that notice of the redemption date was sent to the taxpayer; "[g]iven the proof of the regular office practice and procedure by the * * * City Treasurer, [the taxpayer's] denial of receipt of the notice, standing alone, is insufficient to rebut the presumption that the notice was received by [the taxpayer]" (*Best v City of Rochester*, 195 AD2d 1073, 1074; *see, Nassau Ins. Co. v Murray*, 46 NY2d 828, 829-830). (Appeal from Order of Supreme Court, Monroe County, Kehoe, J.—Set Aside Foreclosure and Sale.) Present—Denman, P. J., Green, Lawton, Balio and Davis, JJ.