■ ELLA MAE MATTHEW, Respondent, v WILLIAM C. THOMPSON, as Comptroller for City of New York, et al., Appellants, et al., Defendants. [887 NYS2d 588]—

In an action, inter alia, to recover title to real property, the defendants William C. Thompson, as Comptroller for the City of New York, Patricia J. Lancaster, as Commissioner of Department of Buildings of the City of New York, Martha E. Stark, as Commissioner of the Department of Finance of the City of New York, and Shaun Donovan, as Commissioner of the Department of Housing Preservation and Development of the City of New York, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated April 10, 2008, as, upon reargument, adhered to so much of its original determination, in an order dated September 27, 2007, as denied that branch of their motion which was to dismiss so much of the complaint as purportedly asserted a claim for surplus money against them.

Ordered that the order dated April 10, 2008, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, so much of the order dated September 27, 2007, as denied that branch of the appellants' motion which was to dismiss so much of the complaint as purportedly asserted a claim for surplus money against them is vacated, and that branch of the motion is granted.

The plaintiff is the former owner of property located in Brooklyn. In 2002 the appellants, in their official capacities, commenced an in rem foreclosure action against the property for nonpayment of real estate taxes (see Administrative Code of City of NY § 11-404). The plaintiff failed to answer and a judgment of foreclosure was entered in June 2005. The plaintiff also failed to avail herself of the statutory opportunity to redeem the property after the judgment of foreclosure was entered, and approximately one year later, the City transferred the property to the defendant Neighborhood Restore Housing Development under a "Third Party Transfer Program" established pursuant to the Administrative Code of the City of New York (see Administrative Code of City of NY § 11-412.1).

In April 2006 the plaintiff moved to vacate the judgment of foreclosure. The plaintiff alleged, inter alia, that she had never been served with process. In September 2006 the Supreme Court denied the motion.

The plaintiff then commenced this action seeking title to the

property and $100 million in damages. Both the appellants and the nonmunicipal defendants separately moved to dismiss the complaint. The Supreme Court dismissed the plaintiff's claim "challenging the property tax assessments," as well as any claim for relief from the default in rem judgment of foreclosure. However, the court concluded by stating: "The court . . . finds plaintiff's remaining arguments to be meritorious. The court treats plaintiff's request as argued by her as a demand for excessive funds. Both defendants fail to address this matter in their motion papers. Accordingly, the court denies the City defendants' motion and the non-municipal defendants' cross motion to dismiss plaintiff's complaint as against them with reference to this issue." Thereafter the appellants moved for leave to reargue. The plaintiff did not oppose this motion and the court granted reargument; however, upon reargument, "rule[d] that the prior decision stands."

The plaintiff's complaint should have been dismissed in its entirety insofar as asserted as against the appellants. The complaint never articulated a claim for "excessive funds" or surplus money arising from the foreclosure and transfer. Even assuming that such a claim could be so discerned, under the facts of this case, the plaintiff was precluded from raising the claim pursuant to the doctrines of res judicata and collateral estoppel (*see 83-17 Broadway Corp. v Debcon Fin. Servs., Inc.,* 39 AD3d 583, 585 [2007]; *see also CLR Brooklyn Realty Corp. v Shapiro,* 39 AD3d 790 [2007]; *NAB Asset Venture IV, LLP v Orangeburg Equities,* 19 AD3d 565 [2005]; *Gray v Bankers Trust Co. of Albany, N.A.,* 82 AD2d 168, 170-171 [1981]). In any event, the plaintiff failed to demonstrate that there was any surplus money as a result of the foreclosure and transfer of the property. Moreover, even assuming the existence of such money, given that the plaintiff "neither attempted to redeem her property nor interposed an answer," the appellants were "entitled to a deed conveying an estate in fee simple absolute and the taxpayer is . . . [not] entitled to any compensation upon the resale of the property" (*Matter of Ellis v City of Rochester,* 227 AD2d 904 [1996] [internal quotation marks omitted]; *see also Matter of Clinton County [Miner],* 39 AD3d 1015 [2007]).

Accordingly, the Supreme Court should have dismissed the complaint in its entirety insofar as asserted against the appellants. Spolzino, J.P., Angiolillo, Chambers and Lott, JJ., concur.