■ GEORGE T. MAURICE, Appellant, v ANN MAURICE, as Administratrix of the Estate of ANITA MAURICE, Deceased, et al., Respondents. [910 NYS2d 658]—

In an action pursuant to RPAPL article 15 to compel the determination of claims to certain real property, the plaintiff appeals (1), as limited by his reply brief, from so much of a judgment of the Supreme Court, Kings County (F. Rivera, J.), dated May 19, 2009, as, upon granting the defendants' motion for leave to enter a default judgment on the counterclaims upon his failure to serve a reply to the counterclaims, declared that a deed dated December 29, 1999, purporting to grant a fee inter-

est in the subject property, is a nullity, and directed the Office of the City Register of the City of New York, in and for the County of Kings, to cancel and expunge the deed, and (2), as limited by his brief, from so much of an order of the same court dated July 10, 2009, as denied that branch of his motion which was for leave to renew his opposition to the defendants' motion for leave to enter a default judgment on the counterclaims.

Ordered that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, and the defendants' motion for leave to enter a default judgment on their counterclaims is denied; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

To successfully oppose the defendants' motion for leave to enter a default judgment upon his failure to serve a reply to the counterclaims, the plaintiff was required to demonstrate a reasonable excuse for the delay and a potentially meritorious defense (see MMG Design, Inc. v Melnick, 35 AD3d 823 [2006]; Twersky v Kasaks, 24 AD3d 657, 658 [2005]; Beizer v Funk, 5 AD3d 619, 620 [2004]). Inasmuch as the plaintiff met his burden in this case, the Supreme Court improvidently exercised its discretion in granting the defendants' motion for leave to enter a default judgment on the counterclaims.

The plaintiff's remaining contentions are not properly before this Court or need not be addressed in light of our determination. Rivera, J.P., Covello, Santucci and Sgroi, JJ., concur.