◼ KI 12, LLC, Respondent, v SHELLEY E. JOSEPH et al., Defendants, and BANK OF AMERICA, N.A., Individually and as Successor to COUNTRYWIDE MORTGAGE VENTURES, Appellant. [26 NYS3d 573]—

In an action pursuant to RPAPL article 15 to determine claims to real property, the defendant Bank of America, N.A., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Orange County (Colangelo, J.), dated February 11, 2014, as, upon an order of the same court also dated February 11, 2014, granting that branch of the plaintiff's motion which was for leave to enter a default judgment against it, canceled its mortgage on the subject property. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

To successfully oppose a motion for leave to enter a default judgment, the opposing party is required to demonstrate a reasonable excuse for the default and a potentially meritorious defense (*see Diederich v Wetzel*, 112 AD3d 883, 884 [2013]; *Blake v United States of Am.*, 109 AD3d 504, 505 [2013]; *Karalis v New Dimensions HR, Inc.*, 105 AD3d 707, 708 [2013]; *Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 789 [2011]; *Maurice*

*v Maurice*, 78 AD3d 792, 793 [2010]). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (*Wells Fargo Bank, N.A. v Cervini*, 84 AD3d at 789 [internal quotation marks omitted]; *see Glauber v Ekstein*, 133 AD3d 713 [2015]; *BAC Home Loans Servicing, LP v Reardon*, 132 AD3d 790 [2015]; *Mitrani Plasterers Co., Inc. v SCG Contr. Corp.*, 97 AD3d 552, 552 [2012]).

Here, the appellant failed to demonstrate a reasonable excuse, or any excuse, for its failure to answer the complaint (*see Karalis v New Dimensions HR, Inc.*, 105 AD3d at 708; *Wells Fargo Bank, N.A. v Cervini*, 84 AD3d at 790). In view of the lack of a reasonable excuse, it is unnecessary to consider whether the appellant sufficiently demonstrated the existence of a potentially meritorious defense (*see Diederich v Wetzel*, 112 AD3d at 884; *Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]; *Wells Fargo Bank, N.A. v Cervini*, 84 AD3d at 790).

The appellant's remaining contention that the principles of equity prevent the granting of a default judgment against it is without merit (*see e.g. Matthew v Thompson*, 65 AD3d 1095, 1097 [2009]; *Matter of Ellis v City of Rochester*, 227 AD2d 904 [1996]).

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the appellant and thereupon issued a judgment canceling the appellant's mortgage on the subject property. Chambers, J.P., Austin, Miller and LaSalle, JJ., concur.