Brand Medical Supply, Inc., as Assignee of GUERLINE DORLEANS, Appellant, 
against
Praetorian Ins. Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered October 25, 2013. The order denied plaintiff's motion to vacate a prior order of the same court (Carolyn E. Wade, J.) entered May 18, 2012, which granted, on default, defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground of lack of medical necessity. Thereafter, the parties entered into a two-attorney stipulation which provided a schedule for serving opposition papers, any cross motion and reply papers. Although the stipulation required that plaintiff's opposition was to be served on or before March 18, 2012, plaintiff served its opposition papers on March 29, 2012. By order entered May 18, 2012, the Civil Court (Carolyn E. Wade, J.) granted, on default, defendant's motion for summary judgment, declining to consider plaintiff's late opposition to the motion. On March 22, 2013, plaintiff moved for an order, pursuant to CPLR 5015, vacating the order entered May 18, 2012. Plaintiff appeals from an order of the Civil Court (Harriet L. Thompson, J.) entered October 25, 2013, which denied its unopposed motion. 
To vacate the order granting, on default, defendant's motion for summary judgment, plaintiff was required to demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). In an affirmation in support of plaintiff's motion to vacate the default order, plaintiff's attorney stated that the affirmation of medical necessity from its expert, who was not the treating doctor, did not become "available" until shortly after the date that plaintiff's opposition papers were due. Upon the record presented, we find that the explanation proffered by plaintiff's attorney was insufficient to establish a reasonable excusable for plaintiff's failure to timely oppose defendant's summary judgment motion (see Starakis v Baker, 121 AD3d 669 [2014]; Dokaj v Ruxton Tower Ltd. Partnership, 91 AD3d 812 [2012]). Moreover, plaintiff's attorney offered no reason for waiting 10 months before moving to vacate the default order (see Byers v Winthrop Univ. Hosp., 100 AD3d 817 [2012]; A.B. Med, PLLC v CNA Ins. Co., 46 Misc 3d 144[A], 2015 NY Slip Op 50199[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). In view of the lack of an excusable default, it is unnecessary to consider [*2]whether plaintiff sufficiently demonstrated the existence of a potentially meritorious opposition to defendant's motion for summary judgment (see KI 12, LLC v Joseph, 137 AD3d 750 [2016]; BAC Home Loans Servicing, LP v Reardon, 132 AD3d 790 [2012]).
Accordingly, the order is affirmed.
Pesce, P.J., Weston and Elliot, JJ., concur.
Decision Date: June 15, 2016