Matter of Hoge v Chautauqua County (2019 NY Slip Op 04821)





Matter of Hoge v Chautauqua County


2019 NY Slip Op 04821


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


160 CA 18-01186

[*1]IN THE MATTER OF BRADLEY K. HOGE AND LYNN A. HOGE, PETITIONERS-APPELLANTS,
v
CHAUTAUQUA COUNTY, RESPONDENT-RESPONDENT. 






BRAUTIGAM & BRAUTIGAM, LLP, FREDONIA (ANDREW D. BRAUTIGAM OF COUNSEL), FOR PETITIONERS-APPELLANTS.
STEPHEN M. ABDELLA, COUNTY ATTORNEY, MAYVILLE, FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Chautauqua County (David W. Foley, A.J.), entered September 18, 2017. The order granted respondent's motion to dismiss the application of petitioners to obtain surplus funds after a tax foreclosure sale of real property formerly owned by petitioners. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners appeal from an order granting respondent's motion to dismiss petitioners' application for surplus proceeds resulting from a tax foreclosure sale of real property formerly owned by them. Prior to petitioners' application, respondent obtained the real property by default judgment of foreclosure pursuant to RPTL article 11 and resold the property at auction. We affirm.
Preliminarily, to the extent that petitioners challenge the validity of the default judgment of foreclosure on the ground that respondent failed to comply with constitutional and statutory requirements during the in rem tax foreclosure proceeding (see generally Matter of County of Seneca [Maxim Dev. Group], 151 AD3d 1611, 1611-1612 [4th Dept 2017]), that challenge is not properly before us inasmuch as this is not an appeal from the order denying petitioners' motion to vacate the default judgment (see Matter of Scott, 116 AD2d 1020, 1020 [4th Dept 1986], lv denied 67 NY2d 608 [1986]).
We reject petitioners' contention that they have a right to the surplus proceeds of the foreclosure sale. As respondent correctly contends, petitioners' application for surplus proceeds was improperly predicated upon provisions of RPAPL article 13 that apply to surplus monies arising from the sale of property in mortgage foreclosure proceedings (see e.g. RPAPL 1361 [1]). RPAPL article 13, entitled "Action to Foreclose a Mortgage," does not apply to properties acquired by a tax district pursuant to an in rem foreclosure proceeding under RPTL article 11. Thus, petitioners' reliance on RPAPL article 13 and cases involving mortgage foreclosures is misplaced (cf. Manufacturers & Traders Trust Co. v Berthole, 130 AD3d 881, 881-882 [2d Dept 2015], appeal dismissed 26 NY3d 1022 [2015]).
Moreover, petitioners are not entitled to surplus proceeds under RPTL article 11. Contrary to petitioners' assertion that RPTL article 11 is "silent" regarding any remaining interest that former property owners may have, such as entitlement to surplus proceeds upon the sale of the property following a default judgment of foreclosure, the statute provides that, when property owners neither redeem the property nor interpose an answer, the tax district is entitled to a deed conveying an estate in fee simple absolute and the property owners are "barred and forever foreclosed of all . . . right, title, interest, claim, lien or equity of redemption" that they may have [*2]had in the property (RPTL 1136 [3]; see Matter of Ellis v City of Rochester, 227 AD2d 904, 904-905 [4th Dept 1996]). Where the tax district obtains a valid default judgment of foreclosure, which is presumed here given that the default judgment is not subject to challenge on this appeal, the former property owners are not "entitled to any compensation upon the resale of the property" (Ellis, 227 AD2d at 905), and the tax district may "retain . . . the entire proceeds from [the re]sale" (Scott, 116 AD2d at 1020; see Nelson v City of New York, 352 US 103, 109-110 [1956]; Sheehan v County of Suffolk, 67 NY2d 52, 59 [1986], rearg denied 67 NY2d 918 [1986]; Matthew v Thompson, 65 AD3d 1095, 1097 [2d Dept 2009]; Matter of City of Lockport [Marine Midland Bank], 187 AD2d 993, 993-994 [4th Dept 1992]).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court