Matter of County of Niagara. (Collingwood Constr. Corp.) (2019 NY Slip Op 05889)





Matter of County of Niagara. (Collingwood Constr. Corp.)


2019 NY Slip Op 05889


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


470 CA 18-01687

[*1]IN THE MATTER OF THE REAL PROPERTY TAX LAW BY THE COUNTY OF NIAGARA. COUNTY OF NIAGARA, PETITIONER-RESPONDENT; COLLINGWOOD CONSTRUCTION CORP., CLAIMANT-APPELLANT.






HOGANWILLIG, PLLC, AMHERST (STEVEN M. COHEN OF COUNSEL), FOR CLAIMANT-APPELLANT. 
CLAUDE A. JOERG, COUNTY ATTORNEY, LOCKPORT (JOHN J. OTTAVIANO OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered December 11, 2017. The order denied the application of claimant to collect surplus funds. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Following claimant's failure to pay taxes on certain commercial real property, the County of Niagara obtained that property by default judgment of foreclosure pursuant to RPTL article 11. The County sold the property at auction, and claimant, who never moved to vacate the default judgment, thereafter filed a notice of claim asserting entitlement to the surplus funds resulting from the foreclosure sale. Supreme Court denied the application, and we now affirm.
Claimant's application for surplus funds is improperly predicated upon provisions of RPAPL article 13 that apply to claims for surplus moneys arising from the sale of mortgaged premises in mortgage foreclosure proceedings (see RPAPL 1361). RPAPL article 13 does not apply to the sale of properties acquired by a tax district pursuant to an in rem foreclosure proceeding under RPTL article 11 (see Matter of Hoge v Chautauqua County, — AD3d &mdash, 2019 NY Slip Op 04821 [4th Dept 2019]).
Moreover, claimant is not entitled to any surplus funds under RPTL article 11 because its failure to redeem the property or interpose an answer in the in rem foreclosure proceeding divested it of any "right, title, and interest and equity of redemption in and to" the property and authorized the County, as the tax district, to seek a default judgment (RPTL 1131; see RPTL 1102 [6]). In this regard, RPTL 1136 (3) provides that a default judgment of foreclosure will direct "the enforcing officer of the tax district to prepare, execute and cause to be recorded a deed conveying to such tax district full and complete title to such parcel." Once the deed is executed, the tax district is "seized of an estate in fee simple absolute" in the property and anyone "who may have had any right, title, interest, claim, lien or equity of redemption in or upon such parcel shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption" (id.).
Thus, where, as here, the taxpayer "neither attempted to redeem [its] property nor interposed an answer, the [tax district] is entitled to a deed conveying an estate in fee simple [*2]absolute and the taxpayer is forever foreclosed of [its] interest in the property" (Matter of Ellis v City of Rochester, 227 AD2d 904, 904 [4th Dept 1996] [internal quotation marks omitted]). Claimant thus is not "entitled to any compensation upon the resale of the property" (id. at 905; see also Nelson v New York City, 352 US 103, 110 [1956]; Matter of Scott, 116 AD2d 1020, 1020 [4th Dept 1986], lv denied 67 NY2d 608 [1986]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court