Davis v Durand (2024 NY Slip Op 02520)

Davis v Durand

2024 NY Slip Op 02520

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-07619
 (Index No. 524565/19)

[*1]Earl R. Davis, et al., appellants, 
v
Herman Durand, defendant, Olga Durand, respondent.

Law Offices of Charles R. Cuneo, P.C., Huntington, NY, for appellants.
Fidelity National Law Group, New York, NY (Michael C. Sferlazza of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to determine adverse claims to real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated August 18, 2021. The order granted the motion of the defendant Olga Durand for leave to enter a default judgment against the plaintiffs on that defendant's counterclaims and, sua sponte, directed dismissal of the complaint.
ORDERED that the appeal from so much of the order as, sua sponte, directed dismissal of the complaint is dismissed, as no appeal lies as of right from a portion of an order that does not decide a motion made on notice (see CPLR 5701[a]), and leave to appeal has not been granted; and it is further,
ORDERED that the order is affirmed insofar as reviewed, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiffs have no interest in the subject property; and it is further,
ORDERED that one bill of costs is awarded to the defendant Olga Durand.
The defendant Olga Durand (hereinafter Olga) and her husband, the defendant Herman Durand, purchased for value real property located in Brooklyn (hereinafter the subject property), pursuant to a deed dated June 27, 2006, and recorded on July 18, 2006 (hereinafter the 2006 deed). In 2019, the plaintiffs commenced this action, inter alia, pursuant to RPAPL article 15 against the defendants to determine adverse claims to the subject property and for a judgment declaring that the plaintiffs owned an interest in the subject property and that the 2006 deed was void.
In March 2020, Olga interposed an amended answer in which she asserted counterclaims to quiet title to the subject property and for a judgment declaring that the plaintiffs have no interest in the subject property. Olga alleged that she acquired valid title to the subject property pursuant to the 2006 deed, or alternatively, that she acquired title by adverse possession. The plaintiffs failed to reply to Olga's counterclaims and, in February 2021, Olga moved for leave to enter a default judgment against the plaintiffs on her counterclaims. In an order dated August 18, 2021, the Supreme Court granted Olga's motion and, sua sponte, directed dismissal of the complaint. The plaintiffs appeal.
In order to successfully oppose a motion for leave to enter a default judgment, a [*2]plaintiff who has failed to serve a timely reply to a defendant's counterclaims must provide a reasonable excuse for the default and demonstrate the existence of a potentially meritorious defense (see KI 12, LLC v Joseph, 137 AD3d 750, 750; Maurice v Maurice, 78 AD3d 792, 793). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion" (Ki Tae Kim v Bishop, 156 AD3d 776, 777; see Nowakowski v Stages, 179 AD3d 822, 823-824).
Here, the plaintiffs failed to proffer a reasonable excuse for their failure to reply to Olga's counterclaims after the expiration of the executive orders issued by former Governor Andrew Cuomo as a result of the COVID-19 pandemic (see Executive Order [A. Cuomo] No. 202.72 [9 NYCRR 8.202.72]; 195-197 Hewes, LLC v Citimortgage, Inc., 208 AD3d 827, 829). Additionally, the mistaken belief of the plaintiffs' counsel that the action had been stayed due to the death of Herman Durand prior to the commencement of the action did not constitute a reasonable excuse for the default under the circumstances of this case (cf. M. Marin Restoration, Inc. v Filasky, 219 AD3d 824, 826; Hussain v Chain, 217 AD3d 929, 930-931). Since the plaintiffs failed to demonstrate a reasonable excuse for the default, it is unnecessary to consider whether they sufficiently demonstrated the existence of a potentially meritorious defense (see Cartessa Aesthetics, LLC v Demko, 217 AD3d 821, 822).
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted Olga's motion for leave to enter a default judgment against the plaintiffs on her counterclaims. Since the counterclaims sought, in part, declaratory relief, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiffs have no interest in the subject property (see Lanza v Wagner, 11 NY2d 317, 334).
BRATHWAITE NELSON, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court