Mitchell v Kingsbrook Jewish Med. Ctr. (2022 NY Slip Op 06477)

Mitchell v Kingsbrook Jewish Med. Ctr.

2022 NY Slip Op 06477

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2021-05959
 (Index No. 508911/15)

[*1]Carolyn Mitchell, etc., appellant,
v
Kingsbrook Jewish Medical Center, etc., et al., defendants, Four Seasons Nursing Home Management, LLC, doing business as Four Seasons Nursing Home, respondent.

Victor M. Serby, Woodmere, NY, for appellant.
Hall Booth Smith, P.C., New York, NY (Nicole A. Callahan of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated July 1, 2021. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court (Gloria M. Dabiri, J.) dated December 12, 2016, denying the plaintiff's motion for leave to enter a default judgment against the defendant Four Seasons Nursing Home Management, LLC, doing business as Four Seasons Nursing Home.
ORDERED that the order dated July 1, 2021, is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith, followed by a new determination upon reargument of the plaintiff's motion for leave to enter a default judgment against the defendant Four Seasons Nursing Home Management, LLC, doing business as Four Seasons Nursing Home.
The plaintiff commenced this action against the defendant Four Seasons Nursing Home Management, LLC, doing business as Four Seasons Nursing Home (hereinafter Four Seasons Management), among others, alleging, inter alia, that Four Seasons Management provided negligent care and treatment to the plaintiff's decedent. Four Seasons Management failed to answer or appear, and within one year of that default, the plaintiff moved for leave to enter a default judgment against that defendant. The motion was denied without prejudice on the ground that it was not properly supported by an affidavit based upon personal knowledge.
The plaintiff subsequently moved for leave to reargue its prior motion for leave to enter a default judgment. An affirmation in opposition to that motion was submitted by "Parkshore Health Care, LLC, doing business as Four Seasons Nursing and Rehabilitation Center, incorrectly sued herein as Four Seasons Nursing Home Management, LLC, doing business as Four Seasons Nursing Home" (hereinafter the respondent). The respondent contended, among other things, that the relevant treatment of the decedent was rendered at a facility operated by the respondent, that Four Seasons Management was unrelated to the respondent's facility, and that the respondent was never [*2]served with the summons and complaint. The respondent's affirmation in opposition also included an application for leave to interpose a late answer.
By order dated July 1, 2021, the Supreme Court, upon reargument, adhered to the determination in the prior order denying the plaintiff's motion for leave to enter a default judgment, but on different grounds. The court determined that the plaintiff had failed to comply with CPLR 3215(g)(4) and that the respondent had a reasonable excuse for failing to answer the complaint in that it had not been served with process. The court also appeared to entertain the respondent's application for leave to interpose a late answer, since it determined that the respondent had a reasonable excuse for failing to answer the complaint (see Fried v Jacob Holding, Inc., 110 AD3d 56, 65), but it failed to consider whether the respondent had a potentially meritorious defense to the action, and failed to render an ultimate determination on the application.
The plaintiff appeals from the July 1, 2021 order.
Contrary to the Supreme Court's determination, the plaintiff was not required to demonstrate compliance with the additional notice requirement of CPLR 3215(g)(4) (see Jian Hua Tan v AB Capstone Dev., LLC, 163 AD3d 937, 939). "By its express terms, the notice requirement is limited to situations where a default judgment is sought against a 'domestic or authorized foreign corporation' which has been served pursuant to Business Corporation Law § 306(b), and does not pertain to a limited liability company" (Gershman v Ahmad, 131 AD3d 1104, 1105, quoting CPLR 3215[g][4][i]; see Jian Hua Tan v AB Capstone Dev., LLC, 163 AD3d at 939).
Further, the Supreme Court should not have denied the plaintiff's motion on the basis that the respondent was not properly served without first resolving questions regarding the respondent's status in this action and the identity of the proper defendant. We therefore reverse the order insofar as appealed from, and remit the matter for further proceedings to determine the respondent's status in this action and the identity of the proper defendant, followed by a new determination upon reargument of the plaintiff's motion for leave to enter a default judgment.
The respondent's remaining contention, regarding the plaintiff's service of its motions, and the plaintiff's remaining contention, regarding application of the doctrine of law of the case, are without merit.
IANNACCI, J.P., RIVERA, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court