Turner v WFHA Home St., LLC (2025 NY Slip Op 25120)

[*1]

Turner v WFHA Home St., LLC

2025 NY Slip Op 25120

Decided on May 22, 2025

Supreme Court, Bronx County

Hummel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on May 22, 2025
Supreme Court, Bronx County

Terrell A. Turner, Plaintiff,

against
WFHA Home Street, LLC, Defendant.

Index No. 821219/2024E

Plaintiffs JONATHAN S. DAMASHEK Firm Name: HECHT, KLEEGER & DAMASHEK, P.C. Address: 19 W 44th St Ste 1500, New York, NY 10036-0120 Phone: (212) 490-5700

Veronica G. Hummel, J.

In accordance with CPLR 2219 (a), the decision herein is made upon consideration of all of the papers filed by the parties with the Court via NYSCEF in connection with the motion (Motion #1) of plaintiff TERRELL A. TURNER, made pursuant to CPLR §3215, seeking an order granting plaintiff a default judgment against defendant WFHA HOME STREET, LLC, setting this matter down for an inquest, and granting such other and further relief that is just and proper. 
The motion is unopposed. Background
This is a personal injury action, plaintiff claims that plaintiff suffered injuries as the result of a trip and fall accident which occurred on April 20, 2023.

Analysis
On a motion seeking a default judgment to enter a default judgment pursuant to CPLR 3215, a movant is required to submit proof of service of the summons and complaint, the facts constituting the cause of action, and the defendant's default in answering or appearing (see CPLR §3215; Bigio v Gooding, 213 AD3d 480, 481 [1st Dept 2023]). To demonstrate the facts [*2]constituting the cause of action, the movant must submit sufficient proof to enable a court to determine if the cause of action is viable (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]). The court may consider the complaint, affidavits, and affirmations submitted by the plaintiff (id.). A verified complaint may be used as the affidavit of the facts constituting the claim and the amount due under CPLR 3215[f], if the complaint is verified by plaintiff (Nedeltcheva v MTE Transportation Corp., 157 AD3d 423 [1st Dept 2018]). Additionally, the proponent of an unopposed motion for default judgment bears the burden of establishing, inter alia, that the defendant was properly served with the motion for default judgment (see CPLR §§306; 2103; 3215[f]).
Plaintiff satisfies the burden of demonstrating that plaintiff possesses a viable claim by submitting the verified complaint. The complaint was personally verified by plaintiff and sets forth the particulars of the accident and the basis for imposing liability on defendant. 
Plaintiff also establishes that the summons and complaint was properly served upon defendant via delivery to the Secretary of State. Limited Liability Company Law §303, in relevant part, provides that:
"303. Service of process on limited liability companies
(a) Service of process on the secretary of state as agent of a domestic limited liability company . . . shall be made in the manner provided by paragraph one or two of this subdivision . . . (1) Personally delivering to and leaving with the secretary of state . . . , or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee . . . Service of process on such limited liability company shall be complete when the secretary of state is so served . . . ." (Limited Liability Company Law § 303).
Hence, on this record, plaintiff completed service on the defendant limited liability company by service on the Secretary of State as permitted by Limited Liability Company Law § 303.
Uniquely, however, in the First Department, a second provision of the CPLR must be satisfied to obtain a default judgment against a limited liability company that is served via the Secretary of State. 
CPLR §3215[g][4], in relevant part, requires that:
"(i) When a default judgment based upon non-appearance is sought against a domestic or authorized foreign corporation which has been served pursuant to paragraph (b) of section three hundred six of the business corporation law, an affidavit shall be submitted that an additional service of the summons by first class mail has been made upon the defendant corporation at its last known address at least twenty days before the entry of judgment." (CPLR 3215[g][4][i].
(ii) The additional service of the summons by mail may be made simultaneously with or after the service of the summons on the defendant corporation pursuant to paragraph (b) of section three hundred six of the business corporation law, and shall be accompanied by a notice to the corporation that service is being made or has been made pursuant to that provision. . . . ." (CPLR §3215[g][4][i], [ii]).
Specifically, in interpreting this provision in concert with the Limited Liability Company Law §303, the Appellate Division, Second Department explicitly held that, based on the express [*3]language of CPLR §3215 [g][4], the additional notice requirements under CPLR §3215[g][4] apply only to service on corporations and are inapplicable to limited liability companies served via Secretary of State under Limited Liability Company Law §303 (Mitchell v Kingsbrook Jewish Med. Ctr., 210 AD3d 887, 889 [2d Dept 2022]). 
In contrast, in the First Department, while it is recognized that service upon a limited liability company via the Secretary of State is authorized pursuant to Limited Liability Company Law § 303, and not by Business Corporation Law § 306 as specifically referenced in CPLR §3215[g][4], Appellate Division, First Department precedent holds that compliance with CPLR §3215[g][4] is nevertheless required in actions involving limited liability companies. Specifically, without much discussion, the First Department held that the additional notice requirements of CPLR §3215[g][4] apply to service on limited liability companies by the Secretary of State in Wonder Works Const. Corp. v RCDolner, 44 AD3d 526, 526 [1st Dept 2007], and Crespo v A.D.A. Management, 292 AD2d 5 [1st Dept 2002]. Relying on these appellate decisions, numerous trial courts within the First Department have held that CPLR §3215[g][4] must be satisfied to obtain a default judgment against a limited liability company that was served via the Secretary of State under Limited Liability Company Law §303 (Lovell Safety Mgt. Co. L.L.C. v ICF Panels Install, LLC, Index No. 656640/2021, 2022 WL 4447271 [Sup. Ct. New York County 2022]; Vijan v Singh, Index No. 152822/2015, 2015 WL 5881803 [Sup. Ct. New York County 2015]). 
The Court therefore observes that there appears to be a conflict between the First and Second Departments as to the applicability of CPLR §3215[g][4] to limited liability companies, and in the face of such conflict, acknowledges that this Court is bound to follow the precedent of the First Department (see Momentum Telecom, Inc. v Velocity Wireless, LLC, 2024 WL 844824 [Sup. Ct. New York County 2024]). As no such additional service of the summons and complaint and a notice of default was provided in this case, the motion is denied. CPLR §3215[g][4]. 
Accordingly, it is hereby
ORDERED that the motion (Motion #1) of plaintiff TERRELL A. TURNER, made pursuant to CPLR §3215, seeking an Order granting plaintiff a default judgment against defendant WFHA HOME STREET LLC, setting this matter down for an inquest, and granting such other and further relief that is just and proper is DENIED with leave to renew by August 1, 2025; and it is further
ORDERED that plaintiff shall serve a copy of this decision with notice of entry on all non-appearing parties by regular 
or overnight mail by July 1, 2025, and upload an affidavit of service by July 15, 2025; and it is further
ORDERED that that the Clerk shall mark Motion #1 as decided in all Court records.
This constitutes the Decision and Order of the Court.
Dated: May 22, 2025
Bronx, New York
Hon. Veronica G. Hummel, A.S.C.J.